**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X   Case No.

CHRISTINA DAVILA, on behalf of herself
individually and all others similarly situated,

                                                    Plaintiff,

                                                                                   **CLASS ACTION**
            -against-                                            **COMPLAINT**

DIVERSIFIED CONSULTANTS, INC.,

                                                    Defendant.
-------------------------------------------------------------------------X

       Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

       1.    That this is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

       2.    That, further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

1

## JURISDICTION AND VENUE

3. That this Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. That this Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. That plaintiff is a natural person who resides in this District.

6. That plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

7. That the financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes.

8. That plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. That defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. That defendant uses the mail and other means to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11. That the principal purpose of defendant's business is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

12. That defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. That upon information and belief, defendant is a foreign business corporation incorporated in Florida.

## FACTUAL ALLEGATIONS

14. That plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. That by letter dated January 29, 2013, defendant wrote to plaintiff in an attempt to collect a debt.

16. That in said letter defendant stated that the account was delinquent.

17. That defendant did not send another letter to plaintiff within five days of sending the letter dated January 29, 2013.

18. That the letter dated January 29, 2013 was defendant's "written notice" of validation rights to plaintiff pursuant to 15 U.S.C. § 1692g(a).

19. That defendant's letter states: "Client Name: T-MOBILE (NYN) DCIP".

20. That in the caption of the letter dated January 29, 2013 defendant states that the current balance was $1,592.88.

21. That the amount of $1,592.88 is stated to be the amount of the debt elsewhere in the said letter.

AS AND FOR A FIRST CAUSE OF ACTION

15 U.S.C. §§ 1692e, 1692e(10) and 1692g(a)(2)

*False, Deceptive and Misleading Name of Creditor*

22. That plaintiff re-alleges paragraphs 1-21 as if fully re-stated herein.

23. That defendant's letter states that the name of the client is T-MOBILE (NYN) DCIP.

24. That, on information and belief, there is no entity in the United States named T-Mobile (NYN) DCIP.

25. That, in any event, plaintiff never conducted any business with or incurred any debt to any entity named T-Mobile (NYN) DCIP.

26. That plaintiff does not know what or who T-Mobile (NYN) DCIP is.

27. That defendant does not state in the letter whether T-Mobile (NYN) DCIP is the creditor of the alleged debt.

28. That in the letter defendant states only that T-Mobile (NYN) DCIP is defendant's "client".

29. That plaintiff, upon reading defendant's letter, did not know the identity of the entity to whom defendant was alleging she owed a debt.

30. That plaintiff would not know and could not know, from reading defendant's letter, the identity of the entity to whom defendant was alleging she owed a debt.

31. That defendant's letter confused plaintiff and caused plaintiff to guess at who defendant was claiming she owed the debt to.

32. That the least sophisticated consumer would not know and could not know, from reading defendant's letter, the identity of the entity to whom defendant was alleging she owed a debt.

33. That defendant's letter confused the least sophisticated consumer and caused her to guess at who defendant was claiming she owed the debt to.

34. That defendant is therefore in violation of the FDCPA, § 1692g(a)(2), for failing to identify the creditor of the debt.

35. That defendant's failure to identify the creditor to whom the debt is owed constitutes a misleading representation or deceptive means used to collect or attempt to collect a debt, in violation of the FDCPA, including but not limited to §§ 1692e and 1692e(10).

AS AND FOR A SECOND CAUSE OF ACTION

15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, 1692f(1) and

1692g(a)(1)

*Improper Debt Balance*

36. That plaintiff re-alleges paragraphs 1-35 as if fully re-stated herein.

37. That in its letter defendant states that the balance of the debt is $1,592.88.

38. That, assuming that defendant was collecting a debt allegedly owed to the wireless telephone company T-Mobile USA, Inc. (n/k/a T-Mobile US, Inc.), the amount of $1,592.88 is more than plaintiff owed.

5

39. That, assuming that defendant was collecting a debt allegedly owed to the wireless telephone company T-Mobile USA, Inc. (n/k/a T-Mobile US, Inc.), defendant has improperly included collection fees into the debt balance.

40. That, on information and belief, defendant has a contingency fee arrangement with T-Mobile USA, such that T-Mobile USA does not pay defendant a collection fee for any account regarding which defendant fails to collect.

41. That, in other words, if defendant does not get the consumer to pay the debt, T-Mobile USA does not pay defendant a collection fee.

42. That the fee arrangement between defendant and T-Mobile USA was therefore not a pre-paid, flat fee arrangement.

43. That at the time defendant sent its letter to plaintiff, defendant had not charged T-Mobile USA a collection fee.

44. That at the time defendant sent its letter to plaintiff, T-Mobile USA had not charged plaintiff a collection fee.

45. That at the time defendant sent the letter to plaintiff, defendant knew that plaintiff did not owe T-Mobile USA a collection fee.

46. That at the time defendant sent the letter to plaintiff, defendant knew that plaintiff did not owe defendant a collection fee.

47. That plaintiff had no agreement with defendant for the payment of defendant's collection costs.

48. That no agreement between plaintiff and T-Mobile USA authorized defendant to add collection costs to the debt balance.

49. That no applicable law permitted defendant to add collection costs to the debt balance.

50. That defendant's addition of collection costs into the debt balance stated in its letter reflects the addition of a fee or charge to a debt before said fee or charge is actually incurred.

51. That defendant's addition of collection costs into the debt balance stated in its letter before said costs were actually incurred is therefore a false, deceptive and misleading representation or means used in an attempt to collect the debt, in violation of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(10).

52. That defendant's addition of collection costs into the debt balance stated in its letter is also a false representation of the amount of the debt, in violation of the FDCPA, 15 U.S.C. § 1692e(2)(A).

53. That defendant's addition of collection costs into the debt balance stated in its letter is also a false representation of compensation which may be lawfully received by defendant for the collection of the debt, in violation of the FDCPA, 15 U.S.C. § 1692e(2)(B).

54. That defendant's addition of collection costs into the debt balance stated in its letter also constitutes an unfair and an unconscionable means used by defendant to attempt to collect the debt, in violation of the FDCPA, 15 U.S.C. § 1692f.

55. That defendant's addition of collection costs into the debt balance stated in its letter further constitutes the attempted collection of an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of the FDCPA, 15 U.S.C. § 1692f(1).

56. That by its addition of collection costs into the debt balance stated in its letter, defendant has failed to provide plaintiff with a written notice of the true amount of the debt, in violation of the FDCPA, 15 U.S.C. § 1692g(a)(1).

## AS AND FOR A THIRD CAUSE OF ACTION

## NYGBL § 349

57. That plaintiff re-alleges paragraphs 1 to 56 as if fully re-stated herein.

58. That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

59. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons.

60. That the collection letter defendant sent to plaintiff is a mass-mailed form letter used by defendant.

61. That each year defendant sends its form collection letter containing an inadequate identification of the creditor of the debt and an inflated balance due to the addition of an unlawful collection fee to thousands of consumers within New York State, similar to the one it sent to plaintiff.

62. That plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

63. That plaintiff suffered feelings of confusion, emotional distress, anxiety, loss of sleep and irritability upon her receipt of defendant's letter which did not properly inform her of who defendant was collecting the debt for and which indicated that defendant had added collection costs to the debt balance.

64. That defendant violated NYGBL § 349(a) and is liable to plaintiff under NYGBL § 349(h).

## CLASS ALLEGATIONS

65. That plaintiff re-alleges paragraphs 1-64 as if fully re-stated herein.

66. That this action is brought on behalf of plaintiff and the members of two classes, Class A and Class B. The classes consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as defendant's letter to plaintiff dated January 29, 2013; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B) 1692e(10), 1692f, 1692f(1) and 1692g(a)(2). The class does not include defendant or persons who are officers, directors, employees of defendant.

67. That Class A (the Creditor Class) shall be defined as follows:

*All natural persons residing in the State of New York to whom defendant sent an initial collection letter concerning a consumer debt, which collection letter states that defendant's client is T-Mobile (NYN) DCIP.*

68. That Class B (the Debt Balance Class) shall be defined as follows:

*All natural persons residing in the State of New York to whom defendant sent a collection letter on behalf of T-Mobile USA, Inc. (now known as T-Mobile US, Inc.) concerning a consumer debt, which collection letter contains a demand for payment of an amount which includes a collection fee.*

69. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the classes are so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the classes and these questions predominate over any questions affecting only individual class members. The principal questions presented by this claim are whether defendant violated the FDCPA by failing adequately to state the creditor of the debt and by adding an unauthorized collection fee to the amount of the debt, in violation of

        the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, 1692f(1) and 1692g(a)(2).

C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of each class.

70. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of each class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of each class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

71. That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

72. That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

73. That as a result of the above violations, defendant is liable to plaintiff and the members of each class for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(c) actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(d) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(e) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f) enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(g) statutory damages pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(h) actual damages pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(i) reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(j) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
August 8, 2013.

       /s/ Novlette R. Kidd
NOVLETTE R. KIDD, ESQ.
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com